IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:22CR3049 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S SENTENCING |
| | ) | STATEMENT |
| ADANTE J. MOWER, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Adante J. Mower, and pursuant to the Order on Sentencing Statement dated May 25, 2022, states as follows:

1. The Defendant, Adante J. Mower ("Mower") previously asserted several objections and/or comments to the Pre-Sentence Investigation Report. Those objections are reiterated in the Pre-Sentence Investigation Report, however, for clarity purposes, Mower restates his objections as follows:

   a. Objects to paragraph 30 of the *Revised* Pre-Sentence Investigation Report as he disputes the factual allegations contained therein. While he has known A.M. and B.M. for actually longer than 18 months, he had not had any actual dealings with them for the 18 months prior to the overdose. He does acknowledge sporadically, recreationally using small amounts of cocaine with B.M. in the past. That is somewhat consistent with what B.M. reports in the last sentence of paragraph 30 of the *Revised* Pre-Sentence Investigation Report where he states he previously obtained cocaine from the Mower on March 7 and 8, 2018. That timeframe is probably more accurate. But in reference to paragraph 30, Mower disputes selling B.M. four balls of cocaine during that

-2-

timeframe. Mower reports that there was just historical use of small amounts of cocaine with A.M. and B.M. in the past. Mower also points out that, with reference to the August 4, 2021, meeting, it was B.M. who initiated with Mower, apparently at the suggestion of a mutual acquaintance, Zach Walgren.

      b.      The Defendant further objects to the allegations in paragraph 30 which refer to Defendant's behavior. Specifically, the Report states that "B.M. noted the Defendant's behavior was abnormal compared to his behavior in the past. B.M. indicated the Defendant was normally very 'lively,' but during this transaction he was drenched in sweat, and he did not say much." Mower would acknowledge that he was probably drenched in sweat because it was August, he had just completed working a full day, and he was in a vehicle in a parking lot. Mower disputes that his behavior was abnormal in any fashion. The allegations made in this paragraph seem to imply that Mower perhaps had knowledge that the cocaine in question had Fentanyl in it. As pointed out in Mower's Statement of the Case, Mower had absolutely no knowledge that there was Fentanyl mixed in the cocaine. In the original objections submitted to probation, Mower stated that he had actually used cocaine with A.M. and B.M. while they were in the parking lot. That was erroneous and a miscommunication between Mower and counsel. The actual use of that cocaine occurred prior to being in the parking lot.

   c. Mower acknowledges that his objections to the facts above in no way change his potential sentence in this matter, but in taking responsibility for his actions, Mower does feel that it is important that he convey what he believes the actual facts of his relationship with A.M. and B.M. were and the *Revised* Pre-Sentence Investigation Report accurately reflect his conduct during the August 4, 2021, meeting with A.M. and B.M.

2. Defendant also requests that he be allowed to present oral testimony in support of his objections at sentencing. Per the Court's Order on Sentencing Schedule, Defendant admits the following information as to the oral testimony:

   a. <u>Nature of Testimony</u>: If testimony is necessary Mower would reiterate the factual allegations made in his objections above.

   b. <u>The necessity for oral testimony instead of document or evidence, such as affidavits</u>: Oral testimony would only be necessary in the event the Court would have any further questions or request expansion of the factual allegations Mower has asserted I in his objections above.

   c. <u>The identity of each proposed witness</u>. Adante J. Mower.

   d. <u>The length and time anticipated for presentation of the direct examination of the witnesses</u>. 15 minutes.

ADANTE J. MOWER, Defendant

By:    MORROW, POPPE,
          WATERMEIER & LONOWSKI P.C.
         A Limited Liability Organization
         201 North 8th St., Suite 300
         P.O. Box 83439
         Lincoln, Nebraska 68501-3439
         (402) 474-1731


By:   /s/Joel G. Lonowski
       Joel G. Lonowski    #19078


## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to the following:

    John J. Schoettle, Assistant U.S. Attorney
    Jessica Curd, U.S. Probation and Pretrial Services Office


   /s/Joel G. Lonowski
  Joel G. Lonowski          #19078